**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JULIE STANLEY,                                          Case No. 1:14-cv-870

        Plaintiff,                                   Dlott, J.
                                                        Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.


**REPORT AND RECOMMENDATION**

Plaintiff Julie Stanley filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error for this Court's review. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

### I. Summary of Administrative Record

Plaintiff filed applications for both Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") on October 28, 2011, alleging a disability onset date of August 15, 2011 based upon back pain. Plaintiff's applications were denied initially and upon reconsideration, and she timely requested an evidentiary hearing. In May 2013, Administrative Law Judge ("ALJ") Gregory Kenyon held a hearing, at which Plaintiff was represented by counsel. Both Plaintiff and a vocational expert testified. On

1

July 11, 2013, ALJ Kenyon issued a written decision, concluding that Plaintiff was not disabled. (Tr. 14-21). The Appeals Council denied review; therefore, the ALJ's decision remains as the final decision of the Commissioner. Plaintiff filed the instant complaint in order to challenge the ALJ's decision.

Plaintiff was 52 years old at the time of the ALJ's decision, in the "closely approaching advanced age" category. She has a high school education and past relevant work as a service station cashier, retail clerk, grocery clerk, and bindery worker, all at the light level, and as a shipping clerk at the medium level. (Tr. 19).

Plaintiff alleges that she is disabled due to low back pain and associated leg pain caused by degenerative disc disease of the lumbar spine. The ALJ agreed that Plaintiff's degenerative disc disease was a severe impairment, but determined that it did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, such that Plaintiff was entitled to a presumption of disability. (Tr. 16-17). Rather, the ALJ concluded that Plaintiff retained the following residual functional capacity ("RFC") to perform a range of light work, except as further limited to:

> occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; and (4) restricted to performing unskilled, simple, repetitive tasks.

(Tr. 17).

Based on the testimony of the vocational expert, the ALJ determined that although Plaintiff could not return to her prior work, she could still perform the requirements of other representative occupations such as inspector, hand packager, and folder/stacker/production helper. (Tr. 20). Therefore, the ALJ further concluded that Plaintiff is not under a disability. (*Id.*).

2

In her statement of errors, Plaintiff argues that the ALJ erred when he determined that Plaintiff could perform light work, rather than limiting her to sedentary work. Considering her age, there is no dispute if Plaintiff had been restricted to sedentary work, Grid Rule 201.12 would have entitled Plaintiff to a presumption of disability. In a second claim, Plaintiff asserts that the ALJ erred by rejecting her physical therapist's RFC opinions. The undersigned finds no reversible error.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if

substantial evidence also exists in the record to support a finding of disability.  *Felisky v.*

*Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v.  Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

4

**B. Specific Errors**

Both of Plaintiff's two claims of error relate to her contention that the ALJ should have limited her to work at the sedentary exertional level rather than light work. Before addressing those two claims, it is worth noting that Plaintiff does not challenge the ALJ's adverse credibility finding, which relates to her pain complaints. (*See* Tr. 18, "[T]he claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision…. The claimant's inconsistent statements and allegations regarding the degree of functional impairment and the range of her activities diminish the credibility of her claim of disability.").

**1. Whether Light Work is Compatible with "Moderate" Postural Limits**

The ALJ gave "great weight" to the opinions of examining consultant Dr. Fritzhand, who opined that Plaintiff could engage in "moderate" amounts of standing and walking. (Tr. 19, 279). Plaintiff's first claim of error is that Dr. Fritzhand's opinion in this respect is incompatible with light work. Light work by definition permits "frequent" standing and/or walking, defined as up to 6 hours in an 8-hour day, whereas sedentary work allows for standing and/or walking up to only 2 hours in an 8-hour workday. In her reply memorandum, Plaintiff explains that her appeal "is based on the simple proposition that the word 'moderate' does not have the same meaning as the word 'frequent.'" (Doc. 8 at 1).

The undersigned finds substantial evidence in the record as a whole to support the ALJ's determination that Plaintiff can engage in light work. In addition to citing Dr. Fritzhand's "almost normal" physical examination and entirely normal examinations by

5

Dr. Haq, the ALJ pointed out that a September 2011 MRI that showed only minimal degenerative changes at L3-4 and L4-5 levels with no evidence of disc herniation or other acute spinal pathology, and a second MRI from December 2012 showed similar results. (Tr. 18). Dr. Fritzhand also found that Plaintiff has no difficulty reaching, grasping, and handling. (Tr. 19). Examinations by Dr. Desia showed "some findings suggesting lumbar radiculopathy, but not consistently." (Tr. 18). Last, Plaintiff has been treated conservatively to date, with medications and steroid injections.

The undersigned rejects Plaintiff's argument that a "moderate" amount of standing and walking is incompatible with the amount of standing and walking permitted by light work. The undersigned instead finds the ALJ's interpretation of Dr. Fritzhand's use of the word "moderate" to be reasonable and supported by substantial evidence. Despite finding minimal range of motion limitations and positive straight leg raising, Dr. Fritzhand observed that Plaintiff had a normal gait, was not using any assistive device, and did not have muscle spasm or atrophy. (Tr. 274). Dr. Fritzhand did not place any specific limitations on the amount of walking or standing that Plaintiff could do other than to state that she could perform a "moderate" amount. He also did not suggest or recommend that she use an assistive device.

This Court has consistently found that such vague descriptors as "moderate" amounts of standing and/or walking reasonably may be interpreted to support an exertional level of light, or even medium work. *See, e.g., Hambrick v. Com'r of Soc. Sec.*, 2014 WL 1961945 at *7 (S.D. Ohio, May 15, 2014)(where Dr. Fritzhand found that plaintiff could perform a "mild to moderate" amount of various postural abilities, it was not error to find that plaintiff could perform light work); *Wise v. Com'r of Soc. Sec.*, 2015

6

WL 2169684 at *5 (S.D. Ohio, May 8, 2015)(where consultant did not find a specific level of exertion but instead opined that claimant could perform a "mild to moderate amount of sitting, walking and standing" based primarily on back pain, it was reasonable for ALJ to find opinion consistent with RFC of medium work); *Frederick v. Com'r of Soc. Sec.*, Case No. 1:09-cv-947, 2011 WL 1114410 (S.D. Ohio, March 24, 2011)("mild to moderate" postural abilities supported work at medium exertional level).  Given that "mild to moderate" postural limitations have been held to be consistent with the medium exertional level, there is no support for the proposition that "moderate" postural limitations are inconsistent with light work.  *See Johnson v. Colvin*, 2013 WL 2319134 at *6 (S.D. Ohio, May 28, 2013)("mild to moderate amount of sitting, ambulating, standing" not inconsistent with light work); *Vicory v. Astrue*, 2013 WL 980321 (S.D. Ohio, March 13, 2013)(light work supported by examining consultant's findings that plaintiff could perform a "mild to moderate amount of sitting, ambulating, standing"); *Schweikart v. Com'r of Soc. Sec.*, 2011 WL 900596 at *8 (S.D. Ohio, March 14, 2011)(same).

In this case, the reasonableness of the ALJ's interpretation is supported by other substantial evidence of record.  Relying on Dr. Fritzhand's examination report, two additional reviewing consultants opined that Plaintiff could perform the exertional requirements of not just light work, but underline medium work.  (Tr. 57, 65, 76, 85-86).  While attributing "great weight" to those consultants overall based upon the "lack of significant medical signs and findings," the ALJ disagreed that Plaintiff could perform medium work, including lifting up to 50 pounds, based upon "the persistence of her pain complaints and ongoing medical treatment."  (Tr. 19).  Plaintiff argues that the ALJ should have gone further and precluded her from light work, based upon the same

"persistent pain" that she asserts prevents her from walking and/or standing for up to 6 hours a day. However, the ALJ was not required to fully credit Plaintiff's subjective complaints, and provided good reasons for not doing so, in view of the "lack of significant medical signs and findings" and other inconsistencies in the record. (Tr. 19). Again, Plaintiff does not challenge that adverse credibility finding. Many cases exist in which a non-disability finding has been affirmed based upon a limitation to light work, notwithstanding subjective complaints of chronic back pain. *See e.g., Smith v. Com'r of Soc. Sec.*, 482 F.3d 873, 874-877 (6th Cir. 2007).

Plaintiff's final complaint is that the most recent agency physician reviewing opinion was dated 14 months prior to the evidentiary hearing before the ALJ. However, Plaintiff points to no additional evidence during that time period that the ALJ failed to consider. It is not error for an ALJ to rely upon a state agency physician who lacked access to the full record so long as the ALJ considered the newer evidence. *See McGrew v. Com'r of Soc. Sec.*, 343 Fed. Appx. 26, 32 (6th Cir. 2009). As Defendant points out, not all of the post-consultant evidence was favorable to Plaintiff. Some of the most recent records from 2013 include negative straight-leg raising tests, with no discussion of any gait abnormality or sensory deficits. (Tr. 306-309). Contrary to Plaintiff's assertion, the ALJ not only considered the intervening evidence of Plaintiff's reports of "persistent pain" and ongoing treatment in the intervening 14 months, but the ALJ cited that evidence as the reason for reducing the exertional level opined by the consultants from "medium" to "light." (Tr. 19, 304-320).

8

### 2. Rejection of Physical Therapist's Opinions

Plaintiff's second assertion of error criticizes the ALJ's rejection of the residual functional capacity opinions of her treating physical therapist.  Plaintiff went to physical therapy on only four occasions over a two week period.  Despite this relatively short course of treatment, her PT opined that based upon Plaintiff's subjective complaints of pain, she was limited to one hour of standing, 30-60 minutes of sitting, and one hour of walking per eight hour workday, a functional capacity that would have precluded all work, including work at the sedentary level.  (Tr. 301).  Plaintiff argues that the ALJ should have partially credited the opinion of her PT to limit her to sedentary work, thereby entitling Plaintiff to a presumptive disability under Grid Rule 201.12.

The ALJ discussed the PT's opinion as follows:

> Mr. Dixon, the claimant's physical therapist, finds the claimant capable of sitting 30 to 60 minutes a workday, standing 1 hour a workday, and walking 1 hour a workday and alternating positions as needs.  She can lift and carry 5 pounds.  She has a poor ability to grasp, push, pull, and perform fine manipulations with the upper extremities.  She had a fair ability to perform repetitive foot movements.  She has a poor ability to squat, twist, bend, stoop, and climb.  She has the stamina to work only 1 hour at a time….  This assessment deserves little weight, as it comes from a physical therapist, who is not an acceptable medical source.  In addition, a less than sedentary residual functional capacity is inconsistent with the results of objective testing, specifically the MRI and x-ray testing summarized above.  Moreover, the level of treatment that the claimant has received for her spinal complaints has been wholly conservative in nature and does not warrant a less than sedentary level of limitations.

(Tr. 19).

Plaintiff concedes that a physical therapist is not an "acceptable medical source" under controlling regulations.  *Accord Chambers v. Com'r of Soc. Sec.*, Case No. 1:11-cv-453; 2012 WL 3848675 at n.5 (S.D. Ohio, Sept. 5, 2012)(citing regulations that acceptable medical sources include only licensed physicians, licensed or certified

psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists); *see also Nierzwick v. Com'r of Soc. Sec.*, 7 Fed. Appx. 358, 363 (6th Cir. 2001)(physical therapist's report not afforded significant weight because therapist not an acceptable medical source).  However, Plaintiff argues that where there is "agreement on a diagnosis," that an "other" treating source can provide better information regarding functional limitations than a one-time examining consultant.  *See* SSR 06-3p (holding that a therapist's opinion "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.").    Because there is no dispute that Plaintiff suffers from degenerative disc disease, Plaintiff claims that the ALJ violated SSR 06-3p when he credited the opinions of the agency physicians over the opinions of her physical therapist.

Plaintiff's argument amounts to a disagreement with how the ALJ chose to weigh differing medical opinions, which is not a basis for reversal.  *Mullins v. Sec'y of HHS*, 836 F.2d 980, 984 (6th Cir. 1987).  "The ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [her] residual functional capacity."  *Webb v. Com'r of Soc. Sec.*, 368 F.3d 628, 633 (6th Cir. 2003).  While regulations require an ALJ to articulate "good reasons" on the record only when rejecting the opinion of a treating *physician*, in this case, the ALJ went far beyond than what the regulations require by articulating "good reasons" for rejecting lhe physical therapist's opinions.  In addition to correctly noting that the therapist was not an acceptable treating medical source (whose opinions would be entitled to controlling weight), the ALJ discussed throughout his opinion the overwhelming evidence that contradicted the PT's extreme opinions on Plaintiff's functional limitations.  Indeed, no

other treating or consulting source or any "other" source offered opinions in agreement with those of the physical therapist, that Plaintiff is so limited that she cannot perform even sedentary work.[1]  The ALJ specifically cited the mild and minimal abnormalities reflected in objective testing, and the conservative nature of Plaintiff's treatment.

Neither SSR 06-03p nor any other rule or regulation requires an ALJ to give greater weight to a treating therapist who is not a medically acceptable source than to a non-treating medically acceptable source such as an agency physician.   Instead, Rule 06-03p merely provides that "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source'" after considering the factors outlined in 20 C.F.R. §§404.1527(c) and 416.927(c), which factors include, but are not limited to: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Com'r of Soc. Sec.*, 581 F.3d 589, 406 (6th Cir. 2009); *see also* SSR 06-03p ("these same factors can be applied to opinion evidence from 'other sources.' These factors represent basic principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources.'").  However, "the final responsibility" for deciding residual functional capacity is an issue that is expressly "reserved to the Commissioner."  20 C.F.R. §404.1527(d).

Here, none of the relevant factors support giving any weight to Mr. Dixon's opinions.  Mr. Dixon's opinions were contrary to all other opinions and contrary to the

---

[1]As mentioned, Plaintiff herself contends only that she is *limited to* sedentary work in this appeal.

objective medical evidence and other evidence of record.  They were unsupported by any clinical records by Mr. Dixon that would reflect the basis for those opinions.  (Tr. 301-302, 258-320).  Mr. Dixon offers no explanation whatsoever for his conclusory assertion that Plaintiff can only stand, sit, or walk for no more than 1 hour, and can lift no more than 5 pounds.  Mr. Dixon's four treatments occurred over a two-week period, which is not a long treating relationship.   As Defendant points out, some case law suggests that such a short time frame of treatment does not amount to a treating "relationship."  *See, e.g., Helm v. Com'r of Soc. Sec.*, 405 Fed. App. 997, 1001, n.3 (6th Cir. 2011)(additional citation omitted).  In short, the ALJ's decision to give the PT's opinions "little weight" is well supported by substantial evidence.  *Accord Smith-Marker v. Astrue*, 839 F. Supp.2d 974, 981-982 (S.D. Ohio 2012)(ALJ properly rejected opinion not from an acceptable medical source, where opinion based on just four counseling sessions and provided without explanation or any supporting treatment notes).

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED**.

/s Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JULIE STANLEY,                                                    Case No. 1:14-cv-870

       Plaintiff,                                              Dlott, J.
                                                                 Bowman, M.J.

   v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).